UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:04CV-P173-H

MARK DOWELL                                                                                                           PETITIONER

V.

RANDY ECKMAN, WARDEN                                                    RESPONDENT

**MEMORANDUM OPINION AND ORDER**

Petitioner, Mark Dowell, was convicted in Meade Circuit Court of arson second degree, mischief first degree, and wanton endangerment second degree, receiving a total sentence of fifteen years incarceration. On direct appeal, the Kentucky Court of Appeals affirmed Petitioner's conviction. The Kentucky Supreme Court denied discretionary review. Petitioner has now filed a petition for writ of habeas corpus. Respondent has moved for summary judgment and denial of the writ.

I.

This case arose from a fire at Melissa Dowell's trailer that was determined to have been set intentionally. Ms. Dowell was Petitioner's ex-wife. At trial the Commonwealth presented evidence that Petitioner came to Ms. Dowell's trailer around 10 p.m. on August 12, 2001. The couple had been arguing about child support. After the pair separated, Petitioner made threatening phone calls to Ms. Dowell. An independent witness identified Petitioner in the immediate area of the fire buying three dollars worth of gasoline and also placed him in the area of the trailer. At the conclusion of all evidence, the state court jury returned a verdict finding

Petitioner not guilty of assault second degree, but guilty of arson second degree, criminal mischief first degree, and wanton endangerment second degree. The court imposed a sentence of fifteen years.

II.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 prohibits federal courts from granting writs of habeas corpus on claims previously adjudicated on the merits in state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
> 28 U.S.C. Sec. 2254(d)(1) and (d)(2).

The standard of review for habeas cases under the AEDPA has been interpreted by the United States Supreme Court in *Williams v. Taylor*, 529 U.S. 362 at 402-413 (2000). The *Williams* opinion requires that in assessing a legal ruling of the state court, a federal habeas court must first determine whether there was a controlling rule prescribed by the United States Supreme Court. If so, the federal court must determine whether the state court's legal determination is contrary to that rule. If there is no controlling rule, the federal court must determine whether the state court's decision resulted from an objectively unreasonable application of United States Supreme Court precedent. The federal habeas court must determine the governing legal standard by reference to holdings of the United States Supreme Court and clearly established federal law at the time of the state court's ruling. *Ramdass v. Angelone*, 530 U.S. 156 (2000); *Harpster v. Ohio*, 128 F.3d 322 at 326-27 (6th Cir. 1997); *Seymour v. Walker*, 224 F.3d 542 at 549 (6th Cir.

2000).

A state court's interpretation of state law is binding on federal habeas corpus courts. *Wainwright v. Goode*, 464 U.S. 78 at 84 (1983); *Estelle v. McGuire*, 502 U.S. 62 at 67-68 (1991). As noted in *Barefoot v. Estelle*, 463 U.S. 880 at 887 (1983), federal courts are not forums in which to re-litigate state trials. Hence, errors of state law are generally not cognizable on federal habeas review. *Lewis v. Jeffers*, 497 U.S. 764 at 781-84 (1990).

### III.

Petitioner first alleges that the state court committed error by not granting Petitioner's motion to sever the assault charge from the remaining charges. A habeas petitioner's burden on a claim of misjoinder of counts is extremely heavy. The petitioner must show that the misjoinder rendered the trial fundamentally unfair. *Hollands v. Department of Corrections*, 969 F.2d 606 (8th Cir. 1992); *United States v. Lane*, 474 U.S. 438, 449 (1986) as cited in *United States v. Chavis*, 296 F.3d 450 (6th Cir. 2002). Thus, misjoinder reaches constitutional dimensions only if it makes a state trial unfairly violative of due process. *Herring v. Meachum*, 11 F.3d 374 (2d Cir. 1993).

A claimant must show more than the potential for prejudice; he must prove that actual prejudice occurred at trial. *Opper v. United States*, 348 U.S. 84 (1954). Thus, Petitioner has no relief under 28 U.S.C. § 2254 unless the consolidation actually rendered the Petitioner's state trial fundamentally unfair and violative of due process. *Tribbitt v. Wainwright*, 540 F.2d 840 (5th Cir. 1976), *cert. denied*, 430 U.S. 910 (1977); *Lucero v. Kerby*, 133 F.3d 1299 (10th Cir. 1998); *Robinson v. Wyrick*, 738 F.2d 1091 (8th Cir. 1984). The granting or denying of severance is within the trial judge's discretion. *Glinsey v. Parker*, 491 F.2d 337 (6th Cir. 1974).

Kentucky Rule of Criminal procedure 6.18 states as follows:

> Two or more offenses may be charged in the same complaint or two or more offenses whether felonies or misdemeanors, or both, may be charged in the same indictment or information in a separate count for each offense, if the offenses are of the same or similar character or are based on the same acts or transactions connected together are constituting a common scheme or plan.

Under RCr 6.18, the trial judge has considerable discretion concerning joinder of offenses for trial. Joinder is permitted so long as the offenses are related and is within the wide discretion of the trial court. *Brown v. Commonwealth*, 458 S.W.2d 444 (Ky. 1970). The trial court's decision regarding joinder should not be set aside on appeal absent a showing of abuse of discretion and substantial prejudice. *Cannon v. Commonwealth*, 777 S.W.2d 591 (Ky. 1989), *Violett v. Commonwealth*, 907 S.W.2d 7773 (Ky. 1995). *See also, Jackson v. Commonwealth*, 20 S.W.3d 906 (Ky. 2000), following *Cannon v. Commonwealth, supra*, where charges of robbery and escape were joined for purposes of trial. In similar fashion to *Jackson*, Petitioner here was acquitted of the assault charge but was convicted of the arson and related offenses.

In its review of this case, the Kentucky Court of Appeals determined that Petitioner did not meet his high burden on this issues by stating:

> We believe the evidence of the alleged assault would have been admissible in a separate trial on the arson charge, but assuming arguendo that it would not have been admissible, we are still unable to find prejudice. [Petitioner] Dowell's speculation that the jury must have convicted him on the arson charge due to their inability to overcome emotions stemming from the assault charge is simply that, speculation. No conclusion of prejudice can be supported by mere speculation. [citing *Vincent v. Parke*, 942 F.2d 989 (6th Cir. 1991)] If the jury were truly prejudiced by Melissa's testimony as to the alleged assault, they simply could have found Dowell guilty of assault. Instead, it appears that the jury may have believed Dowell's version of the events of April 1, 2001. Moreover, we have viewed the videotape of the entire trial and we

> are simply not convinced that there is a substantial probability the result would have been different had the charges been severed . . . [W]e conclude that Dowell was not prejudiced by the trial court's refusal to sever the indictment for trial (slip opinion p. 12-14; Appendix p. 60-62).

This Court agrees that Petitioner has not met the heavy burden of establishing a misjoinder claim. The rulings of the trial court and the Court of Appeals were neither contrary to clearly established federal law nor based on an unreasonable determination of the facts. Consequently, Petitioner is not entitled to federal habeas relief on these grounds.

IV.

Petitioner's second contention is that the trial court's ruling precluding the testimony of Tommy Gardener eliminated the Petitioner's defense. Federal habeas corpus does not lie to review questions about the admissibility of evidence. *Estelle v. McGuire*, 502 U.S. 62 (1991). *See also, Buell v. Mitchell*, 274 F.3d 337, 357 (6th Cir. 2002); *Seymour v. Walker*, 224 F.3d 542 (6th Cir. 2000). An issue concerning admissibility of evidence does not rise to a constitutional level unless it was so egregious that Petitioner was denied a fundamentally fair trial. *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988).

Here, Petitioner was allowed to call Sherry Spadie to the stand to present his "alibi" defense. Additionally, Ms. Spadie also stated that potential witness Tommy Gardener had spoken to her just before she came into the courtroom to coordinate their information on the dates of the events in question. The trial court was concerned about such contact. Based on the avoval testimony presented from Tommy Gardener, his testimony covered information basically the same as presented by Ms. Spadie.

Under Kentucky Rule of Criminal procedure 9.48:

> If either a defendant or the Commonwealth requests it, the judge may exclude from the hearing or trial and witness of the adverse party not at the time under examination, so that the witness may not hear the testimony of the other witnesses. This provision should not apply to parties to the proceeding.

One purpose of this rule is to prevent witnesses from adjusting their testimony to conform to what they hear during the testimony of the other witnesses. *Jacobs v. Commonwealth*, 561 S.W.2d 223 (Ky. 1977). The application of the rule concerning separation of witnesses and resolution of any potential violations is a matter of the trial court's discretion. *Ragland v. Commonwealth*, 421 S.W.2d 79 (Ky. 1967); *Rison v. Commonwealth*, 519 S.W.2d 833 (Ky. 1975). Trial judges have a great deal of latitude to deal with improprieties among witnesses. The Kentucky Court of Appeals noted that Petitioner was still able to present his alibi defense through Ms. Spadie's testimony and that any prejudice of Petitioner was far outweighed by the prejudicial effect of Gardener's improper contact with Ms. Spadie, concluding that the trial court did not abuse its discretion. This Court agrees.

The Court does not find the analysis or conclusion here to constitute an unreasonable application of federal laws.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Petitioner's petition for writ of habeas corpus is DISMISSED WITH PREJUDICE.

This is a final order.

cc: Mark Dowell, *Pro Se*
    Counsel of Record